1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                      EASTERN DISTRICT OF CALIFORNIA

9

10    ROBERT C. MASSEY, JR.,                    Case No. 1:12-cv-00178-DLB PC

11              Plaintiff,                       **ORDER REQUIRING PLAINTIFF EITHER
                                                 TO FILE AMENDED COMPLAINT OR
12      v.                                       NOTIFY COURT OF WILLINGNESS TO
                                                 PROCEED ONLY ON CLAIMS FOUND TO
13    M.D. BITER, et al.,                        BE COGNIZABLE**

14              Defendants.                      ECF No. 1

15                                               RESPONSE DUE WITHIN THIRTY DAYS

16

17    **I.      Background**

18          Plaintiff Robert C. Massey, Jr. ("Plaintiff") is a prisoner in the custody of the California

19    Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20    forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On February 8, 2012, Plaintiff filed

21    his complaint.  ECF No. 1.

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26    monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

27    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

                                            1

1    claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

2         A complaint must contain "a short and plain statement of the claim showing that the pleader

3    is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5    do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

6    U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

7    claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

8    allegations are accepted as true, legal conclusions are not.  *Id.*

9    **II.    <u>Summary of Complaint</u>**

10        Plaintiff was incarcerated at Kern Valley State Prison ("PVSP") in Delano, California, where

11   the events giving rise to this action occurred.  Plaintiff names as Defendants warden M. D. Biter,

12   chief executive officer/manager of health services for KVSP T. Brewer, and medical doctor C. K.

13   Chen.

14        Plaintiff alleges the following.  On April 21, 2011, Plaintiff was seen by Defendant Chen

15   regarding pain in his knee, and informed the doctor that Tylenol and ibuprofen did nothing for the

16   pain.  Plaintiff requested that he be placed back on tramadol, and given a knee support.  Defendant

17   Chen denied the request.  On May 3, 2011, Plaintiff was seen by Defendant Chen about receiving

18   pain medication, knee support, and a copy of the chrono for knee support.  Plaintiff was denied.  On

19   May 26, 2011, Plaintiff was again seen by Defendant Chen regarding pain in his right knee and knee

20   support and was again denied.  October 28, 2011, Plaintiff was again seen by Defendant Chen

21   regarding the same problem.  Plaintiff has pain in his right knee due to having a serious fracture of

22   the right tibia, and having a permanent condition of tendinitis which causes chronic pain and

23   inflammation in his knee.  Defendant Chen has reviewed Plaintiff's medical records each time and

24   refused to issue the medication for pain or the knee support chrono.  On April 26, 2011, July 7, 2011,

25   and October 26, 2011, a specialist via tele-meds had informed Defendant Chen that Tylenol and

26   ibuprofen will not stop the pain and will cause harm to prisoner, and recommended that Plaintiff be

27   placed back on tramadol.  Defendant Chen refused.

28        Plaintiff had made several complaints regarding Defendant Chen by 602 inmate appeals and

1   ADA forms, all of which are reviewed by Defendant T. Brewer.  On August 31, 2010, Plaintiff had

2   sent a letter to health care receiver J. Clark Kelso regarding the medical treatment from Defendant

3   Chen.  The letter was forwarded to Defendant T. Brewer.  On March 8, 2011, Plaintiff's appeal

4   regarding his problems with Defendant Chen's medical treatment was reviewed by Defendant T.

5   Brewer and it was denied.  On July 14, 2011, Plaintiff filed a CDC 1824 ADA form requesting a

6   chrono and knee support, and part of the action was granted.  Defendant Chen refused to issue the

7   items, including pain medication.  Plaintiff against alerted Defendant Brewer of the problem

8   between November and December by a personal letter, requesting Defendant Chen have no more

9   contact or visits with Plaintiff, but Defendant Brewer failed to take any action.

10          Plaintiff contends deliberate indifference to a serious medical need.  Plaintiff requests as

11  relief compensatory and punitive damages, and an order that 1) Plaintiff be provided care for his

12  knee, 2) Plaintiff's pain medication be reinstated, and that another care provider be assigned.[1]

13  **III.   Analysis**

14          The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not

15  mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation

16  omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

17  Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

18  measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

19  doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296

20  F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an

21  objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

22  "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

23  (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

24  health or safety . . . ." *Id.* at 837.

25          "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this

26  standard, the prison official must not only 'be aware of the facts from which the inference could be

27

28          [1] Plaintiff's claims for injunctive relief are denied.  Plaintiff is no longer incarcerated at KVSP.  Transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

1   drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

2   *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the

3   risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

4   risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

5   Based on Plaintiff's allegations, Plaintiff sufficiently alleges that he suffers from a serious

6   medical need, alleging that he has chronic pain and inflammation in his right knee.  Plaintiff also

7   sufficiently alleges facts which demonstrate that Defendants Chen and Brewer acted with deliberate

8   indifference.  With regards to Defendant Chen, Plaintiff alleges sufficient facts which demonstrate

9   that Defendant Chen was aware that the pain medication Plaintiff currently received was not

10   sufficient to treat his pain, but failed to act to prevent the serious harm.  With regards to Defendant

11   Brewer, Plaintiff alleges sufficient facts which demonstrate that Defendant Brewer was aware that

12   Plaintiff was not receiving the correct treatment for his right knee (pain medication, knee support

13   and chrono), but Defendant Brewer failed to act to prevent the serious harm.

14   Plaintiff fails to state a claim against Defendant Biter.  Plaintiff alleges no facts which

15   demonstrate that Defendant Biter set in motion a series of acts which the actor knows or reasonably

16   should know would cause others to inflict constitutional harms.  *Johnson v. Duffy*, 588 F.2d 740, 743

17   (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the

18   meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or

19   omits to perform an act which he is legally required to do that causes the deprivation of which

20   complaint is made.").

21   To the extent that Plaintiff alleges liability against Defendant Biter solely based on his role as

22   a supervisory official, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and

23   commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.

24   "Government officials may not be held liable for the unconstitutional conduct of their subordinates

25   under a theory of *respondeat superior*."  *Id.* at 676.  Rather, each government official, regardless of

26   his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the named defendant

27   holds a supervisory position, the causal link between the defendant and the claimed constitutional

28   violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);

1   *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for

2   supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally

3   participated in the alleged deprivation of constitutional rights or knew of the violations and failed to

4   act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges no facts

5   which demonstrate that Defendant Biter personally participated in a constitutional deprivation or

6   knew of violations and failed to act to prevent them.

7   **IV.**    **Conclusion and Order**

8         Plaintiff states a cognizable claim against Defendants Chen and Brewer for deliberate

9   indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff does not state

10   any other claims against any other Defendants.  The Court will provide Plaintiff with an opportunity

11   to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v.*

12   *Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

13   adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th

14   Cir. 2007) (no "buckshot" complaints).

15         If Plaintiff decides not to amend and is willing to proceed only on the claims found to be

16   cognizable, Plaintiff shall notify the Court.  The Court will issue an order dismissing all other claims

17   and Defendants from this action, and forward service documents to Plaintiff for completion and

18   return as to Defendants Chen and Brewer.

19         If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.

20   8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

21   constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the

22   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

23   *Twombly*, 550 U.S. at 555.

24         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

25   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*,

26   *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012) (en

27   banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without

28   reference to the prior or superseded pleading,"  L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

(a) File a first amended complaint curing the deficiencies identified herein; or

(b) Notify the Court of willingness to proceed only on claims found to be cognizable as stated herein;

3.      Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.


IT IS SO ORDERED.

Dated:   **October 9, 2012**                        _____ /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE