**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. MASSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> M.D. BITER, et al., <br><br> Defendants. | Case No. 1:12-cv-00178-DLB PC <br><br> **ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** <br><br> ECF No. 1 |

I. **Background**

Plaintiff Robert C. Massey, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On February 8, 2012, Plaintiff filed his complaint. ECF No. 1. On October 10, 2012, the Court screened Plaintiff's complaint and found that it stated cognizable claims for relief against Defendants Brewer and Chen, but failed to state a claim against Defendant Biter. ECF No. 8. Plaintiff was provided the opportunity to either file an amended complaint or notify the Court of his willingness to proceed on the cognizable claims. On October 22, 2012, Plaintiff notified the Court that he did not wish to amend and would proceed only on the cognizable claims against Defendants Brewer and Chen. ECF No. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     **Summary of Complaint**

Plaintiff was incarcerated at Kern Valley State Prison ("PVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants warden M. D. Biter, chief executive officer/manager of health services for KVSP T. Brewer, and medical doctor C. K. Chen.

Plaintiff alleges the following. On April 21, 2011, Plaintiff was seen by Defendant Chen regarding pain in his knee, and informed the doctor that Tylenol and ibuprofen did nothing for the pain. Plaintiff requested that he be placed back on tramadol, and given a knee support. Defendant Chen denied the request. On May 3, 2011, Plaintiff was seen by Defendant Chen about receiving pain medication, knee support, and a copy of the chrono for knee support. Plaintiff was denied. On May 26, 2011, Plaintiff was again seen by Defendant Chen regarding pain in his right knee and knee support and was again denied. October 28, 2011, Plaintiff was again seen by Defendant Chen regarding the same problem. Plaintiff has pain in his right knee due to having a serious fracture of the right tibia, and having a permanent condition of tendinitis which causes chronic pain and inflammation in his knee. Defendant Chen has reviewed Plaintiff's medical records each time and refused to issue the medication for pain or the knee support chrono. On April 26, 2011, July 7, 2011,

and October 26, 2011, a specialist via tele-meds had informed Defendant Chen that Tylenol and ibuprofen will not stop the pain and will cause harm to prisoner, and recommended that Plaintiff be placed back on tramadol. Defendant Chen refused.

Plaintiff had made several complaints regarding Defendant Chen by 602 inmate appeals and ADA forms, all of which are reviewed by Defendant T. Brewer. On August 31, 2010, Plaintiff had sent a letter to health care receiver J. Clark Kelso regarding the medical treatment from Defendant Chen. The letter was forwarded to Defendant T. Brewer. On March 8, 2011, Plaintiff's appeal regarding his problems with Defendant Chen's medical treatment was reviewed by Defendant T. Brewer and it was denied. On July 14, 2011, Plaintiff filed a CDC 1824 ADA form requesting a chrono and knee support, and part of the action was granted. Defendant Chen refused to issue the items, including pain medication. Plaintiff again alerted Defendant Brewer of the problem between November and December by a personal letter, requesting Defendant Chen have no more contact or visits with Plaintiff, but Defendant Brewer failed to take any action.

Plaintiff contends deliberate indifference to a serious medical need. Plaintiff requests as relief compensatory and punitive damages, and an order that 1) Plaintiff be provided care for his knee, 2) Plaintiff's pain medication be reinstated, and that another care provider be assigned.[1]

### III. Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

---

[1] Plaintiff's claims for injunctive relief are denied. Plaintiff is no longer incarcerated at KVSP. Transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

1 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate
2 health or safety . . . ."  *Id.* at 837.

3      "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this
4 standard, the prison official must not only 'be aware of the facts from which the inference could be
5 drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"
6 *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the
7 risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the
8 risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

9      Based on Plaintiff's allegations, Plaintiff sufficiently alleges that he suffers from a serious
10 medical need, alleging that he has chronic pain and inflammation in his right knee.  Plaintiff also
11 sufficiently alleges facts which demonstrate that Defendants Chen and Brewer acted with deliberate
12 indifference.  With regards to Defendant Chen, Plaintiff alleges sufficient facts which demonstrate
13 that Defendant Chen was aware that the pain medication Plaintiff currently received was not
14 sufficient to treat his pain, but failed to act to prevent the serious harm.  With regards to Defendant
15 Brewer, Plaintiff alleges sufficient facts which demonstrate that Defendant Brewer was aware that
16 Plaintiff was not receiving the correct treatment for his right knee (pain medication, knee support
17 and chrono), but Defendant Brewer failed to act to prevent the serious harm.

18      Plaintiff fails to state a claim against Defendant Biter.  Plaintiff alleges no facts which
19 demonstrate that Defendant Biter set in motion a series of acts which the actor knows or reasonably
20 should know would cause others to inflict constitutional harms.  *Johnson v. Duffy*, 588 F.2d 740, 743
21 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the
22 meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or
23 omits to perform an act which he is legally required to do that causes the deprivation of which
24 complaint is made.").

25      To the extent that Plaintiff alleges liability against Defendant Biter solely based on his role as
26 a supervisory official, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and
27 commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.
28 "Government officials may not be held liable for the unconstitutional conduct of their subordinates

4

under a theory of *respondeat superior*." *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff alleges no facts which demonstrate that Defendant Biter personally participated in a constitutional deprivation or knew of violations and failed to act to prevent them.

## IV.     Conclusion and Order

Plaintiff states a cognizable claim against Defendants Chen and Brewer for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff does not state any other claims against any other Defendants.  The Court provided Plaintiff the opportunity to amend his complaint to cure the deficiencies identified.  Plaintiff notified the Court that he wished to proceed only on the cognizable claims against Defendants Brewer and Chen.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     This action proceeds against Defendants T. Brewer and C. K. Chen for deliberate indifference to a serious medical need in violation of the Eighth Amendment;

2.     Plaintiff's claim against Defendant M. D. Biter is dismissed with prejudice for failure to state a claim upon which relief may be granted; and

3.     Defendant M. D. Biter is dismissed from this action.

IT IS SO ORDERED.

Dated: __**October 24, 2012**__          /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE